UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 OCT -9  PM 3: 31

BY_____
DEPUTY CLERK

MICHAEL BROOKS, MARILYN BROOKS,　)
and JOSEPH BROOKS,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiffs,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　)　　Case No. 2:20-cv-00001
　　　　　　　　　　　　　　　　　　)
K.S.T., INC., d/b/a SNOWMOBILE　　)
VERMONT, and WE ARE SLEDS, INC.,　)
　　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　　　)

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND THE
TIME FOR SERVICE OF PROCESS AND
DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS**
(Docs. 6, 8, & 12)

Plaintiffs Michael Brooks, Marilyn Brooks, and Joseph Brooks (collectively,
"Plaintiffs") bring this suit against Defendants K.S.T., Inc., d/b/a Snowmobile Vermont
and We Are Sleds, Inc. (collectively, "Defendants"), arising from permanent injuries
allegedly sustained by Michael and Marilyn Brooks during a guided snowmobile tour
(the "Tour") operated by Defendants. In a one-count First Amended Complaint ("FAC"),
Plaintiffs allege that Defendants negligently failed to properly train and prepare Plaintiffs
to operate snowmobiles before and during the Tour; failed to properly supervise Plaintiffs
through advanced sections of the snowmobile trail during the Tour; and failed to equip
Plaintiffs with snowmobiles which had limited acceleration and speeds appropriate to
their skill level and terrain selection. Plaintiffs allege diversity of citizenship subject
matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) and (b).

On April 7, 2020, Defendants moved to dismiss the FAC, arguing that Plaintiffs'
claims sounding in tort are barred by the three-year statute of limitations set forth in 12
V.S.A. § 512. (Doc. 6.) Although Plaintiffs filed their original Complaint before the
statute of limitations expired, they did not serve it on Defendants within sixty days as

required by Vt. R. Civ. P. 3. Defendants amended their motion to dismiss on May 1, 2020. (Doc. 8.)[1]

On May 7, 2020, Plaintiffs opposed the motion to dismiss and moved to retroactively extend the time for service of process by fifteen days. (Doc. 12.) They requested that the court find their neglect in failing to meet the sixty-day service deadline excusable under Vt. R. Civ. P. 6(b)(1)(B) because the law is not clear as to whether Vt. R. Civ. P. 3 or Fed. R. Civ. P. 4(m), which provides a ninety-day service deadline.

Defendants replied to their motion to dismiss and opposed Plaintiffs' motion for an extension on May 21, 2020. Plaintiffs filed their reply on June 4, 2020, whereupon the court took the pending motions under advisement.

Plaintiffs are represented by Joshua L. Simonds, Esq. Defendants are represented by Edward D. Laird, Jr., Esq.

## I.     Procedural History.

Plaintiffs filed their Complaint on January 2, 2020. On February 3, 2020, Plaintiffs amended their Complaint, revising two paragraphs in which Plaintiff Marilyn Brooks was referred to as "Marilyn Kelly." (Doc. 2-1 at 4-5, ¶¶ 35-36.)

According to the affidavit of Attorney Simonds filed in connection with Plaintiffs' motion to extend, on February 19, 2019, Attorney Simonds contacted Defendants, who advised that they were represented by Attorney Thomas Aicher. On February 21, 2019, Attorney Simonds wrote to Attorney Aicher to provide background information regarding Plaintiffs' injuries and to request that he notify Defendants' insurer of Plaintiffs' claim; implement a litigation hold; and cooperate in conducting a site visit of the location of the incident. Attorney Simonds and Defendants' insurer communicated through September 4, 2019, at which time the insurer denied liability. Attorney Simonds advised the insurer to "keep the file open as a claim would be [forthcoming]." (Doc. 12-1 at 3, ¶ 12.)

---

[1] In their original motion to dismiss, Defendants incorrectly stated the date on which Plaintiffs filed their original Complaint. The amended motion to dismiss corrects this typographical error. Defendants also added a footnote stating that the original Complaint was not served on them and that a summons was issued by the court clerk on March 6, 2020, after the filing of the FAC.

On February 25, 2020, Attorney Simonds contacted Attorney Aicher via telephone to suggest pre-litigation mediation or Early Neutral Evaluation. That same day, Attorney Simonds provided Attorney Aicher with the Complaint, the FAC, and waivers of service of summons for both Defendants, and asked if Attorney Aicher would accept service. Attorney Aicher agreed that early mediation might be desirable and represented he would forward the waivers of service of summons, the Complaint, and the FAC to Defendants' insurer. Later that week, the insurer called Attorney Simonds to inform him that it had not yet decided whom to hire as Defendants' counsel.

On February 28, 2020, Charles Romeo, Esq. of Ryan, Smith & Carbine, Ltd. left Attorney Simonds a voicemail stating he and Edward Laird, Jr., Esq. would be representing Defendants in this matter. Attorney Simonds left Attorney Romeo a voicemail regarding the waivers of service of summons on March 2, 2020. On March 4, 2020, Defendants' counsel confirmed via email that they would not agree to waive service. Personal service was completed on March 17, 2020, seventy-five days after Plaintiffs filed their original Complaint.

## II.    Whether the Court May Consider the Affidavits of James A. Dumont, Esq., Gregory A. Weimer, Esq., and Lisa Shelkrot, Esq.

In support of their motion for an extension of time to complete service, Plaintiffs attached affidavits from three Vermont lawyers, James A. Dumont, Esq., Gregory A. Weimer, Esq., and Lisa Shelkrot, Esq., regarding their understanding of whether the Vermont Rules of Civil Procedure govern the time for service of process in a federal diversity action (the "attorney affidavits"). Defendants assert that the attorney affidavits are proffered as the opinions of legal experts on the ultimate issue and, for that reason, they are inadmissible.

Although "[a]n opinion is not objectionable just because it embraces an ultimate issue[,]" Fed. R. Evid. 704, "[a]s a general rule an expert's testimony on issues of law is inadmiss[i]ble." *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991); *see also Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992) ("This circuit is in accord with other circuits in requiring exclusion of expert testimony that expresses a legal conclusion.").

The attorney affidavits opine on whether the Federal or Vermont Rules of Civil Procedure apply in a diversity action under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), which is a legal conclusion. To the extent they are intended to illustrate the reasonableness of Plaintiffs' approach and the alleged experts' shared interpretation of the applicable rules, "Erie-type problems [are] not to be solved by reference to any traditional or common-sense substance-procedure distinction[.]" *Hanna v. Plumer*, 380 U.S. 460, 465-66 (1965). The court thus does not consider the attorney affidavits in deciding the parties' motions.

## III.   Conclusions of Law and Analysis.

### A.   Whether Vt. R. Civ. P. 3 Applies in Federal Diversity Actions.

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). State laws that significantly affect a plaintiff's "right to recover" in federal court, such as statutes of limitations, are considered state substantive law which federal courts must apply. *Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 109 (1945). Although federal law governs service of process when there is a "direct collision" between the Federal Rules of Civil Procedure and state laws, *Hanna*, 380 U.S. at 472 (holding Fed. R. Civ. P. 4 controlled rather than the Massachusetts in-hand service of process rule), federal courts must apply state service of process rules where there is no such collision because the "actual service on, and accordingly actual notice by, the defendant is an integral part of the several policies served by the statute of limitations." *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751 (1980).

Fed. R. Civ. P. 3 provides that "[a] civil action is commenced by filing a complaint with the court[,]" and Fed. R. Civ. P. 4(m) allows ninety days for service. Pursuant to Vt. R. Civ. P. 3(a), however, "[a] civil action is commenced by filing a complaint with the court. . . . When an action is commenced by filing, summons and complaint must be served upon the defendant within [sixty] days after the filing of the complaint." *Id.* If a plaintiff "files the case within the limitation period," then under Vermont law, "the plaintiff must complete service within the time limit specified in Rule

4

3 or [the] plaintiff will lose the filing date for purposes of statute of limitations compliance." *Clark v. Baker*, 2016 VT 42, ¶ 11, 201 Vt. 610, 615-16, 146 A.3d 326, 329-30; *see also Weisburgh v. McClure Newspapers, Inc.*, 396 A.2d 1388, 1389 (Vt. 1979) ("[I]f the filing of a complaint is to be effective in tolling the statute of limitations as of that filing date, timely service under the [Vermont] Rules of Civil Procedure must be accomplished.").

This court has consistently held that Vt. R. Civ. P. 3 is an integral part of Vermont's statutes of limitations and therefore applies in federal diversity actions. *See, e.g.*, *Zhang v. Smugglers' Notch Mgmt. Co.*, 2012 WL 2872841, at *2 (D. Vt. July 12, 2012) (holding "service must be achieved within Vermont's [sixty]-day limit when failure to do so would exceed the statute of limitations."); *Hitzig v. Hubbard*, 2009 WL 1810850, at *2 (D. Vt. June 25, 2009) (holding Vt. R. Civ. P. 3's "[sixty]-day period controls in a federal diversity case, and that the limitations period is no longer tolled after the [sixty] days has elapsed"); *Lucus v. Wengert*, 2007 WL 2792496, at *3 (D. Vt. Sept. 25, 2007) ("Rule 3 makes service of process an integral part of the Vermont statute of limitations because under Vermont law, in order to toll the statute of limitations as of the filing date, timely service must be accomplished."); *Cuocci v. Goetting*, 812 F. Supp. 451, 452 (D. Vt. 1993) ("[I]t is Vermont law, not Federal law, which determines when a plaintiff's action is commenced for purposes of tolling the statute of limitations" because the "Vermont Supreme Court has indicated that Vt. R. Civ. P. 3 is an integral part of Vermont's limitations statutes.") (citing *Weisburgh*, 396 A.2d at 1389); *Poulos v. Wilson*, 116 F.R.D. 326, 330 (D. Vt. 1987) ("We . . . are unwilling to find that federal Rule 4[(m)], dealing with service of process, displaces state rules that describe the steps needed to commence an action so as to toll the state limitations period.").

In *Fish v. Bread Loaf Construction Co.*, 133 F.3d 907, 1998 WL 29640, at *1 (2d Cir. 1998), the Second Circuit similarly concluded that Fed. R. Civ. P. 4(m) does not apply because it "does not address whether service is required for tolling of a statute of limitations; it simply requires service of process to be made within a certain time." 1998 WL 29640, at *1. For this reason, the *Fish* court held the Federal Rules of Civil

Procedure are not "sufficiently broad to control the issue before the [c]ourt[,]" and
"Vermont law and not Federal law determines when a plaintiff's action is commenced for
the purposes of tolling the statute of limitations[.]" *Id.* (internal quotation marks omitted)
(quoting *Walker*, 466 U.S. at 749-50).

In *Bessette v. Department of Corrections*, 2007 VT 42, 182 Vt. 1, 928 A.2d 514,
the Vermont Supreme Court observed that:

> [T]he argument that extensions for service circumvent the statute of
> limitations is belied by the fact that, under *Weisburgh* [*v. McClure
> Newspapers, Inc.*, 396 A.2d 1388, 1389 (Vt. 1979)], the date the complaint
> is filed controls the tolling of a statute of limitations. Plainly, Rule 6 would
> not apply to the initial filing of a complaint when no other act to commence
> the action had been taken because the rule is limited to acts controlled by
> the procedural rules or by the court. The date by which one must initiate an
> action is controlled by statute. The time permitted for service once a
> complaint has been filed, on the other hand, is a procedural matter
> controlled by the rules.

*Id.* at ¶ 13, 182 Vt. at 6, 928 A.2d at 518 (citation omitted).

In *Bessette*, the Vermont Supreme Court held that "where an action is commenced
by the timely filing of a complaint, *Weisburgh* permits the statute of limitations to be
tolled such that service may be completed after the limitation period has run so long as it
is completed in a timely manner under the rules." *Bessette*, 2007 VT 42, at ¶ 12, 182 Vt.
at 6, 928 A.2d at 518. This court has interpreted *Bessette* as "rejecting the contention that
a judicially created rule permitting an extension of time for service conflicted with a
legislatively mandated statute of limitations and thus violated the doctrine of separation
of powers." *Zhang*, 2012 WL 2872841, at *3. "Since the *Bessette* court did not overrule
*Weisburgh*," this court held "Vermont's service of process remains an integral part of the
statute of limitations." *Id.* at *4.

In support of their argument that the law is unsettled regarding Vt. R. Civ. P. 3's
application in federal diversity actions, Plaintiffs cite the Vermont Supreme Court's
decision in *Clark v. Baker*, 2016 VT 42, 201 Vt. 610, 146 A.3d 326, quoting *Bessette* for
the proposition that "[s]ervice is a procedural matter controlled by the rules." *Id.* at ¶ 15,
201 Vt. at 617, 146 A.3d at 331. In *Clark*, the Vermont Supreme Court held that a

retroactive extension of the period for service may toll the statute of limitations, even if a motion for an extension is made after the limitations period has expired, provided the plaintiff timely files its complaint and complies with Vermont's service of process rules:

> As *Bessette* and *Weisburgh* hold, the action was commenced when it was filed because filing controls the tolling of the statute of limitations. *See* 14 V.S.A. § 1492(a) (action must be "*brought* . . . within two years from the discovery of the death" (emphasis added)). Service is a procedural matter controlled by the rules. We are not persuaded that the limitation period irretrievably expired when service initially was not made during the period allotted for it. This, of course, could occur if the motion were made before the expiration of the service period but was not acted on until after the service period expired. The operative rule under *Bessette* is that filing is the time of commencement of the action for purposes of the statute of limitations, as long as the time of service complies with the service rule. If the court properly found excusable neglect in this case, the extension complies with the service rule.

*Id.* at ¶ 15, 201 Vt. at 617-18, 146 A.3d at 331.

The *Clark* court relied on *Weisburgh* to hold that "the plaintiff must complete service within the time limit specified in Rule 3 or plaintiff will lose the filing date for purposes of statute of limitations compliance." *Id.* at ¶ 11, 201 Vt. at 615-16, 146 A.3d at 329-30. *Clark* thus not only makes clear that *Weisburgh* remains good law, but it confirms that the timing of service is integral to the operation of Vermont's statute of limitations because compliance with Vermont's service of process rules dictates when the statute of limitations expires.

In their reply, Plaintiffs argue that pursuant to Vermont's Constitution, the Vermont Supreme Court can only issue procedural rules and "anything else exceeds its authority." (Doc. 17 at 2 n.2.) Chapter II, § 37 of the Vermont Constitution grants the Vermont Supreme Court the power to promulgate rules "governing the administration of all courts" and "practice and procedure in civil and criminal cases in all courts." VT. CONST. Ch. II, § 37. Because this argument was raised for the first time in a reply brief, the court does not consider it. *See McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009) (holding the court "ordinarily will not consider issues raised for the first time in a reply brief"); *accord Montanio v. Keurig Green Mountain, Inc.*, 276 F.

Supp. 3d 212, 223 (D. Vt. 2017) ("Generally, courts do not consider arguments raised for
the first time in a reply brief.").

In any event, as the *Hanna* Court observed:

> [T]he question is not whether a statute of limitations is deemed a matter of
> "procedure" in some sen[s]e. The question is . . . does it significantly affect
> the result of a litigation for a federal court to disregard a law of a State that
> would be controlling in an action upon the same claim by the same parties
> in a State court?

380 U.S. at 466 (quoting *Guar. Tr. Co.*, 326 U.S. at 109). Application of the Federal
Rules of Civil Procedure would create a significant difference in outcomes depending
solely upon the decision to file a diversity case in federal court. *Hanna* instructs that
"[t]he Erie rule is rooted in part in a realization that it would be unfair for the character of
result of a litigation materially to differ because the suit had been brought in a federal
court." *Id.* at 467. Accordingly, it remains beyond dispute that, in this case, service of
process was required to be completed within sixty days under the Vermont Rules of Civil
Procedure.

### B.   Whether to Grant Plaintiffs a Retroactive Extension of Time to Complete Service of Process.

In the event the court rejects their arguments regarding the applicable time for
service, Plaintiffs ask the court to retroactively extend the time for them to complete
service of the FAC by fifteen days because their counsel reasonably believed that the
Federal Rules of Civil Procedure governed service of process in federal diversity actions,
rendering their neglect excusable. Defendants counter that attorney neglect is only
excusable if the law is unsettled and the law was and is clear that Plaintiffs were required
to follow Vt. R. Civ. P. 3 and serve the FAC within sixty days of filing the original
Complaint in order to toll the statute of limitations.

Because the Vermont Rules of Civil Procedure govern the timing of service in this
action, the court applies Vt. R. Civ. P. 6 to determine whether the time for service may be
extended. *See Zhang*, 2012 WL 2872841, at *3 (deciding whether plaintiff had
demonstrated excusable neglect justifying the extension of time for the period of service
under Vt. R. Civ. P. 6(b)). Pursuant to Vt. R. Civ. P. 6(b)(1)(B), the court may grant a

retroactive extension of the time to complete service of a complaint for "good cause" after the time has already expired "if the party failed to act because of excusable neglect." *Id.*;[2] *see also Clark*, 2016 VT 42, at ¶ 15, 201 Vt. at 617-18, 146 A.3d at 331 (holding trial court was within its discretion in granting retroactive extension of time to serve process due to excusable neglect). "Excusable neglect" is, "at a minimum, some reasonable basis for noncompliance within the allotted time period." *Lucus*, 2007 WL 2792496, at *4 (internal quotation marks omitted) (quoting *Poulos*, 116 F.R.D. at 331).

   To determine whether the party requesting an extension has demonstrated excusable neglect, the court considers the factors set forth in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993) (the "*Pioneer* factors"): (1) "the danger of prejudice to the nonmovant"; (2) the "length of the delay and its potential impact on judicial proceedings"; (3) the "reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *In re Town of Killington*, 2003 VT 87A, ¶ 16, 176 Vt. 60, 68, 838 A.2d 98, 104 (alterations omitted) (quoting *Pioneer*, 507 U.S. at 395). Despite the flexibility of this standard, the threshold for finding excusable neglect "'remains high' and will be found 'only in rare cases.'" *Clark*, 2016 VT 42, at ¶ 19, 201 Vt. at 620, 146 A.3d at 332 (citation and internal quotation marks omitted).

   Here, Defendants "concede that any prejudice to them in this case is minimal," and further "concede the fifteen-day delay in service in this case can reasonably be viewed as minimal." (Doc. 15 at 4.) They similarly "do not question [P]laintiffs' good faith" and do not contest that they had notice of Plaintiffs' claim within Vt. R. Civ. P. 3's sixty-day service window. *Id.* at 5. Although Defendants cite *Fercenia v. Guiduli*, 2003 VT 50, ¶ 12, 175 Vt. 541, 545, 830 A.2d 55, 58-59, and *Morrisseau v. Estate of Fayette*, 584 A.2d 1119, 1119 (Vt. 1990), for the proposition that notice of the claims is "of no

---

[2] The Federal Rules of Civil Procedure are analogous and provide that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time[] . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

moment[,]" (Doc. 15 at 5), that approach is arguably inconsistent with the underlying purpose of service of process which is to provide timely notice of a claim. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988) (observing "the term 'service of process' has a well-established technical meaning. Service of process refers to a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action."); *see also Walker*, 446 U.S. at 751 (ruling that "actual notice by[] the defendant is an integral part of the several policies served by the statute of limitations."). Actual notice, albeit non-dispositive, thus remains relevant in a *Pioneer* inquiry.

Under *Pioneer*, "the appropriate focus is on the third factor: the reason for delay[.]" *Killington*, 2003 VT 87A, at ¶ 16, 176 Vt. at 68, 838 A.2d at 104. This is because, in "the typical case, the first two *Pioneer* factors will favor the moving party: [D]elay always will be minimal in actual if not relative terms, and the prejudice to the non-movant will often be negligible[.]" *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (citation and internal quotation marks omitted).

With regard to the reason for the delay, Plaintiffs urge the court to find that Attorney Simonds's reliance on the Federal Rules of Civil Procedure is "justifiable" because "the applicability of Vermont's service rule in this instance is unsettled law and would appear to be counter to Vermont Supreme Court precedents and Vermont Constitutional authority." (Doc. 12 at 6.) Attorney Simonds also proceeded on the assumption that Defendants would not unreasonably refuse to comply with their duty to accept a waiver of formal service of process.[3] Attorney Simonds provided waivers of service of summonses on February 25, 2020, and Defendants' counsel indicated they

---

[3] Vt. R. Civ. P. 4, like Fed. R. Civ. P. 4(d)(1), imposes "a duty to avoid unnecessary costs of serving the summons." Vt. R. Civ. P. 4(l)(2). "If a defendant located within any state . . . of the United States fails to comply with a request for waiver made by a plaintiff[,] . . . the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." Vt. R. Civ. P. 4(l)(3). The Federal Rules of Civil Procedure also impose costs on a party failing to comply with its duty without good cause. Fed. R. Civ. P. 4(d)(2).

refused to waive service on March 4, 2020. As a result, almost half of the fifteen-day delay in question is arguably attributable to Defendants. It nonetheless remains true that the Vermont Supreme Court takes a "hard line" when determining if the neglect of a party's attorney is excusable. *See Killington*, 2003 VT 87A, at ¶ 17, 176 Vt. at 68, 838 A.2d at 104. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect[.]" *Pioneer*, 507 U.S. at 392; *see also Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) ("[F]ailure to follow the clear dictates of a court rule will generally not constitute . . . excusable neglect."). "Where . . . the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Canfield*, 127 F.3d at 251. Attorney neglect is thus generally only excusable "where the language of a rule is ambiguous or susceptible to multiple interpretations, or where an apparent conflict exists between two rules." *Id.* at 250.

Plaintiffs argue that *Fish* and its progeny are not controlling precedent, and Attorney Simonds candidly admits that he "was . . . unaware" of *Fish* and this court's previous published decisions "when relying upon the *Erie* doctrine to assess the timing of service[.]" (Doc. 12 at 8.) "[I]gnorance of the law or inattention to detail . . . rarely constitute[s] excusable neglect." *In re Lund*, 2004 VT 55, ¶ 5, 177 Vt. 465, 466-67, 857 A.2d 279, 281 (holding lower court abused its discretion in extending time for filing of notice of appeal based on excusable neglect when attorney "conceded that the notice of appeal was untimely filed due to a mistake of law on his part"); *see also In re von Turkovich*, 2018 Vt 57, ¶ 6, 207 Vt. 545, 549, 191 A.3d 974, 977 (holding attorney mistake did not constitute excusable neglect where "[i]t was not 'unforeseeable human error' beyond [the] attorney's control") (quoting *George Harms Constr. Co. v. Chao*, 371 F.3d 156, 165 (3d Cir. 2004)). Attorney Simonds's error, however, was not the "garden variety claim of excusable neglect," *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir. 1994) (internal quotation marks omitted), because the *Erie* analysis is what the Supreme Court has characterized as a "challenging endeavor." *Gasperini*, 518 U.S. at 427; *see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 419 (2010)

(Stevens, J., concurring in part) ("The line between procedural and substantive law is hazy, and matters of procedure and matters of substance are not mutually exclusive categories with easily ascertainable contents[.]") (citations and internal quotation marks omitted). It is neither intuitive nor unreasonable to expect the Federal Rules of Civil Procedure to govern the service of process in a federal case. *See Zhang*, 2012 WL 2872841, at \*4 (holding *Bessette*'s classification of timing of service as procedural rendered law "not entirely clear" and was sufficient justification for delay in service of complaint).

In this case, Attorney Simonds's error would bar his clients' claims and prevent an adjudication on the merits, a harsh result that is not commensurate with the magnitude of the error at issue. *See Smith v. Shaw's Supermarkets, Inc.*, 2019 WL 1436660, at \*1 n.1 (D. Vt. Apr. 1, 2019) (noting "the preference for adjudication on the merits"). In light of the non-prejudicial minimal delay involved, Plaintiffs' good faith, and Defendants' failure to carry out their own duty to waive formal service under the Rules, Attorney Simonds's has proffered "an acceptable reason for the delay." *Zhang*, 2012 WL 2872841, at \*4. On balance, the *Pioneer* factors favor finding Plaintiffs' fifteen-day delay in serving the Complaint and FAC was the product of excusable neglect. The court therefore GRANTS Plaintiffs' motion for the retroactive extension of time to serve process by fifteen days.

## C.    Whether to Dismiss the FAC.

In their motion to dismiss, Defendants argue that Plaintiffs' negligence claims are barred by 12 V.S.A. § 512's three-year statute of limitations for tort actions and must be dismissed because Plaintiffs did not serve the Complaint within sixty days of filing pursuant to Vt. R. Civ. P. 3, during which time the limitations period expired. The statute of limitations is an affirmative defense that may be raised "in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008). The party asserting the defense bears the burden of "establish[ing] when a . . . claim accrues.'" *Gonzalez v. Hasty*, 651 F.3d 318, 322 (2d Cir. 2011). "Unless the complaint alleges facts that create an ironclad

12

defense, a limitations argument must await factual development." *Foss v. Bear, Stearns & Co.*, 394 F.3d 540, 542 (7th Cir. 2005).

Pursuant to 12 V.S.A. § 512, a cause of action arising from "injuries to the person suffered by the act or default of another person" accrues "as of the date of the discovery of the injury[.]" 12 V.S.A. § 512(4). In the FAC, Plaintiffs assert that they were injured on the Tour on January 2, 2017. Under Vermont law, "filing is the time of commencement of the action for purposes of the statute of limitations[] as long as the time of service complies with the service rule[,]"and "*Weisburgh* permits the statute of limitations to be tolled such that service may be completed after the limitation period has run so long as it is completed in a timely manner under the rules." *Clark*, 2016 VT 42, at ¶¶ 12, 15, 201 Vt. at 616, 618, 146 A.3d at 330, 331 (internal quotation marks omitted) (quoting *Bessette*, 2007 VT 42, at ¶ 12, 182 Vt. at 6, 928 A.2d at 518).

Because service is timely pursuant to the court's retroactive ruling, Plaintiffs do not "lose the filing date [of their Complaint] for purposes of statute of limitations compliance." *Id.* at ¶ 11, 201 Vt. at 615-16, 146 A.3d at 329-30; *see also Taft-Blakely v. Reinhart Foodservice, LLC*, 2016 WL 3248841, at *2 (Vt. June 9, 2016) (holding that "[t]he filing of the complaint controls the tolling of the statute of limitations and service may be completed after the limitations period has run as long as it is completed in a timely manner under the rules"). As a result, "the order for enlargement renders the motion to dismiss moot." *Zhang*, 2012 WL 2872841, at *4 (denying defendant's motion to dismiss on statute of limitations grounds after granting retroactive extension of time to complete service under Vt. R. Civ. P. 6 because a statute of limitations defense is not "a vested right").

For the reasons stated above, the court DENIES WITHOUT PREJUDICE Defendants' motion to dismiss the FAC on statute of limitations grounds.

## CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiffs' motion to extend the time for the service of process by fifteen days (Doc. 12) and DENIES WITHOUT

13

PREJUDICE Defendants' motion to dismiss the FAC. (Docs. 6 & 8.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 9th day of October, 2020.

Christina Reiss, District Judge
United States District Court